COURT OF APPEALS
DECISION
DATED AND FILED

May 16, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1626**

STATE OF WISCONSIN

Cir. Ct. No. **2021TR150**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

RICHARD JOSEPH JACOBSON,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for St. Croix County: R. MICHAEL WATERMAN, Judge. *Affirmed.*

¶1    HRUZ, J.[1]  Richard Jacobson appeals a judgment entered on a speeding citation. Jacobson argues that the circuit court erred by rejecting his argument that he had a legal justification to speed. We conclude that no defense

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

applies under the facts in this case, and that the court did not err by finding Jacobson guilty of speeding. Therefore, we affirm the judgment.

## BACKGROUND

¶2 The facts of this case are undisputed. Jacobson was driving a grey Tesla when Wisconsin State Patrol Trooper Jody Wood stopped Jacobson for speeding. Wood's laser speed gun had indicated to him that Jacobson was driving at a speed of eighty-five miles per hour in a seventy-mile-per-hour speed zone. Jacobson admitted to Wood that he was speeding, but Jacobson claimed that he did so to avoid a possible crash with another driver whom he believed was veering into his lane. Wood ultimately issued Jacobson a citation for speeding on a freeway in violation of WIS. STAT. § 346.57(4)(gm)2. and imposed a fine of $200.50. Jacobson later entered a not-guilty plea to the charge.

¶3 At the subsequent bench trial, Trooper Wood testified that he was trained to visually estimate the speed of vehicles and was certified to use laser speed guns. Wood stated that he was working on January 12, 2021, when he observed a grey Tesla driving on the "Hudson bridge," a part of a freeway in St. Croix County. Wood visually estimated the Tesla's speed at eighty-five to ninety miles per hour in a zone with a posted speed limit of seventy miles per hour. He testified that he confirmed this speed using his laser speed gun. Wood then conducted a traffic stop, during which Jacobson did not deny that he was speeding. Instead, Jacobson told Wood that as Jacobson was driving in the far left lane, there was a vehicle in the middle lane next to him. Jacobson told Wood that truck had started "to move over into his lane," so Jacobson "sped up to get around him to avoid getting in a crash." Wood stated that he did see other cars around Jacobson at the time he observed Jacobson speeding, but he did not observe

2

anything indicating a possibility of Jacobson being involved in a crash with another car.

¶4      Jacobson, proceeding pro se, also testified at the bench trial. He stated that while he was driving across the bridge, a white Ford pickup truck in the lane immediately to his right was weaving in its own lane, and then weaved into Jacobson's lane. Jacobson testified that he reacted by moving his vehicle over slightly into the median "because there's a lot of room on that bridge." Shortly thereafter, Jacobson testified, the truck again entered his lane, so he sped up and went ahead of the truck to avoid being hit. Jacobson recognized that he faced a choice to either slow down "and risk getting hit from behind" or to speed up. Jacobson testified that he accelerated for only a couple of seconds to avoid hitting the truck and then returned to driving at the speed limit. At no point during his testimony did Jacobson deny that he was speeding or assert that he was unaware of the posted speed limit. Jacobson informed the circuit court that he was a "retired professional race car driver," so he reacts to such situations "a little differently."

¶5      Trooper Wood also testified that Jacobson's "speed did decrease relatively quickly" after reaching the speed of eighty-five miles per hour, but he remarked that Jacobson was going at that speed for at least three seconds because that is the time it takes for Wood's laser gun to record a speed. Furthermore, Wood testified that he had just activated his lights at that time and "[e]verybody slowed down in that area at that point."

¶6      At the close of the evidence, the circuit court concluded that Jacobson was speeding—in part because Jacobson did not dispute that fact—and found that Jacobson was going at least eighty-five miles an hour in a seventy-mile-per-hour zone. As to whether Jacobson was justified in doing so, the

court stated that "in my judgment an emergency did not exist to a degree that required Mr. Jacobson to exceed the posted speed limit." At the end of the bench trial, the court concluded that Jacobson was guilty of speeding.

¶7     The State had mentioned *State v. Brown*, 107 Wis. 2d 44, 55, 318 N.W.2d 370 (1982), as a basis for a possible defense for Jacobson. In *Brown*, our supreme court held that when a violation of a speeding law is caused through the actions of law enforcement, an individual may claim the defense of legal justification. *Id.* Here, the circuit court concluded that there was no defense "either in statute or case law, that allows a civilian to speed when he or she subjectively perceives a danger" beyond the limited circumstances addressed in *Brown*. The court recognized "that Mr. Jacobson may have expertise with his driving history" but noted that "from an objective standpoint we don't want citizens speeding or taking other action that could increase the danger." At the end of the bench trial, the court concluded that Jacobson was guilty of speeding.

## DISCUSSION

¶8     A person violates WIS. STAT. § 346.57(4)(gm)2. if the State proves by clear, satisfactory and convincing evidence that the person drove "a vehicle at a speed in excess of … [s]eventy miles per hour on any freeway." *Id.*; *see also* WIS. STAT. § 345.45 (stating the applicable burden of proof). A violation of § 346.57(4)(gm)2. is a strict liability civil offense, such that "every violation of the literal terms of the statute[] renders the offender guilty without exception." *Brown*, 107 Wis. 2d at 52-54.

¶9     We will set aside a circuit court's findings of fact only if they are clearly erroneous. WIS. STAT. § 805.17(2). A finding of fact is clearly erroneous if it is against the great weight and clear preponderance of the evidence. *Lowe's*

***Home Ctrs., LLC v. City of Delavan***, 2023 WI 8, ¶25, 405 Wis. 2d 616, 985 N.W.2d 69.  It is the role of the circuit court, not the appellate court, to determine "the weight and credibility" of the evidence, ***Metropolitan Assocs. v. City of Milwaukee***, 2018 WI 4, ¶25, 379 Wis. 2d 141, 905 N.W.2d 784, and to resolve conflicts in the testimony, ***Global Steel Prods. Corp. v. Ecklund***, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.  As relevant to Jacobson's argument on appeal, whether undisputed facts give rise to a legal defense is a question of law that this court reviews de novo.  *See **Bantz v. Montgomery Ests., Inc.***, 163 Wis. 2d 973, 978, 473 N.W.2d 506 (Ct. App. 1991) (stating that whether facts fulfill a particular legal standard is a question of law).

¶10     Jacobson argues on appeal that there is a broad "legal justification," or necessity, defense available to a charge of speeding and cites to **Brown** to support that argument.  *See **Brown***, 107 Wis. 2d at 56.  Again, in **Brown**, the court held that when a violation of a speeding law is caused by the state through the actions of law enforcement, an individual may claim the defense of legal justification.  ***Id.*** at 55.  Notably, **Brown** expressly did not decide whether to extend that holding to "action[s] for speeding if the causative force is someone or something other than a law enforcement officer."  ***Id.*** at 56.  It does not appear that any subsequent, citable Wisconsin case has extended the **Brown** holding to recognize a defense under those circumstances.  Nevertheless, given the facts in this case, we conclude that there is no need to decide whether **Brown** should be extended, as the facts here do not warrant that application of such a defense in any event.  *See **State v. Feller***, No. 2019AP318, unpublished slip op. ¶¶1, 11 & n.3 (WI App Nov. 27, 2019) (declining to extend **Brown** where the circuit court did

not clearly err in crediting testimony that there was dangerous situation that caused the defendant to speed).[2]

¶11     In particular, Jacobson provided no cogent explanation as to why he was unable to reduce his vehicle's speed—and therefore not violate the speed limit—instead of accelerating. While we acknowledge that Jacobson felt he was faced only with a choice to either slow down "and risk getting hit from behind" or to speed up, there is no evidence that Jacobson's vehicle actually risked being hit from behind. What is more, Jacobson testified that the truck in the adjacent lane "was slightly ahead of [him] when [he] first started paying attention [to the truck] … weaving in [its] lane a little bit." After that initial observation, the truck once swerved into Jacobson's lane before it did so the second time, which is when Jacobson accelerated and sped. Jacobson therefore had extra reason—and ability—to slow down before his decision to accelerate.

¶12     Further, the circuit court found Trooper Wood's testimony credible that there did not seem to be any risk of an accident, and we defer to that credibility determination. *See Metropolitan Assocs.*, 379 Wis. 2d 141, ¶25. On this record, we agree with the court, "that Mr. Jacobson may have expertise with his driving history" but that "from an objective standpoint we don't want citizens speeding or taking other action that could increase the danger." Jacobson's slowing down would not have violated the speed limit and also would have enabled him to avoid any potential accident. For a strict liability offense, it does not matter that Jacobson believed, based on his experience as "a retired professional race car driver" and his "driving a high-performance car," that it was

---

[2] An unpublished opinion authored by a single judge and issued on or after July 1, 2009, may be cited for its persuasive value. WIS. STAT. RULE 809.23(3)(b).

"easier for [him] to speed up then it would be to slow down." Because Jacobson admits to violating the speed limit, the facts here are largely undisputed, and a possible justification defense would not apply to the facts found in this case, we affirm the circuit court's judgment.[3]

    *By the Court.*—Judgment affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] The State presents an argument that this court is unable to extend the legal defense provided in *State v. Brown*, 107 Wis. 2d 44, 318 N.W.2d 370 (1982), even if we determined a legal justification defense was applicable under these facts. The State contends that because the concurrence in *Brown* articulates a desire to not extend the case's holding to the actions of other civilians causing one to speed, we do "not have the authority to overrule a standing decision of the Wisconsin Supreme Court." A concurrence is not binding law. *See State v. Setagord*, 211 Wis. 2d 397, 409 n.6, 565 N.W.2d 506 (1997). Furthermore, it is clear that the majority in *Brown* did not reach any conclusions beyond those premised on the relevant circumstances of that case. *Brown*, 107 Wis. 2d at 56 ("We need not and we do not decide whether a defense of legal justification is available to the defendant in a civil forfeiture action for speeding if the causative force is someone or something other than a law enforcement officer.").